IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ANTHONY GOODLOE, JR. ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:22-CV-0005-G (BH) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's request for expungement of his federal criminal case and his claims for monetary damages against the United States, the Bureau of Prisons, and any federal individual defendant in an official capacity should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and his remaining claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

### I. BACKGROUND

In 2011, Michael Anthony Goodloe, Jr., (Plaintiff)—a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action—was arrested in the Northern District of Texas for violating the terms of his pretrial release in a criminal case pending in the Eastern District of Louisiana (EDLA). *See generally United States v. Goodloe Jr.*, 3:11-mj-00013-BF, (N.D. Tex. 2011). Following a hearing in this district, he was detained and transferred to the EDLA, where he pleaded guilty to conspiracy to commit healthcare fraud. (*See* crim. doc. 5; doc. 7 at 2.)[2] He was released from BOP custody in 2016 and then served a term of supervised release in the Eastern

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] "Crim doc" is used to reference docket entries from Plaintiff's 2011 criminal proceedings in this court; "doc" is used to reference docket entries in this civil case. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

District of Texas. https://www.bop.gov (search for Plaintiff); (*see also* doc. 11 at 2.) His claims here stem from the 2011 hearing in this district and his subsequent guilty plea in the EDLA. He seeks monetary damages against the United States of America and its "agents" and the overturning and expungement of his EDLA criminal conviction. (*See* doc. 8 at 1; doc. 11 at 2, 6.)

Plaintiff claims that an unidentified Northern District of Texas pretrial services officer (Officer) "used fear, coercion, and duress" to convince him to plead guilty. (doc. 7 at 1; doc. 11 at 5.) Officer told him "a story of a woman who was doing a job at a mortgage company and got 10 year [sic] for faxing a piece of paper," which persuaded him to plead guilty. (*See id.*) Officer allegedly falsely testified at the detention hearing that Plaintiff missed "50% of [his] meetings." (doc. 11 at 5.) Although Plaintiff also references his court-appointed counsel (Counsel) for his criminal proceedings in this district, the United States Magistrate Judge (Judge) that presided over the detention hearing, and the Federal Bureau of Prisons (BOP), he includes no specific allegations against them. (*Id.* at 1.) He claims that the "charging instrument used to convict" him contained false and misleading statements and that handwriting tests and fingerprint analysis show that he never forged checks, and that the "principle provided false and misleading statements" to the court in the EDLA. (doc. 3 at 1.) He purports to assert causes of action for "malfeasance, conspiracy against rights while acting under color of law, deprivation of rights while acting under the color of law, misprison felony, extortion, false and misleading evidence, fraud by confession, knowledge and failed [sic] to correct a wrong, ransom money collected." (doc. 11 at 1.)

II.     **PRELIMINARY SCREENING**

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if

it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.   SOVEREIGN IMMUNITY

Plaintiff seeks monetary damages from the United States and its "agents." (*See* doc. 8 at 1; doc. 11 at 6.)[3] "It is axiomatic that the United States [and its agencies] may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). "[T]he United States may not be sued except to the extent that it has consented to suit by statute," and "[w]here the United States has not consented to suit or the plaintiff has not met the terms of the statute the court lacks jurisdiction and the action must be dismissed." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quoting *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998)). "[A] waiver of the

---

[3] Plaintiff's responses to the magistrate judge questionnaire are an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiff has not identified any waiver to sovereign immunity, and none is apparent from the nature of his claims. His claims for monetary damages against the United States should be dismissed without prejudice based on sovereign immunity. To the extent that Plaintiff is suing the BOP or any federal official such as Judge or Officer in his or her official capacity for monetary damages, sovereign immunity likewise bars these claims because the immunity extends to federal agencies, and official-capacity claims against federal officials are treated like claims against the United States. *See*, *e.g.*, *Pinson v. Fed. Bureau of Prisons*, 647 F. App'x 375, 376 (5th Cir. 2016) (per curiam); *Carvajal v. United States*, No. 3:20-cv-567-S-BK, 2021 WL 2814883, at *2 (N.D. Tex. May 11, 2021), *rec. accepted* 2021 WL 2808966, 2021 WL 2808966 (N.D. Tex. July 6, 2021) (citation omitted) ("Likewise, [the plaintiff's] official capacity claims against Morris are barred by sovereign immunity because Morris' actions in his official capacity are considered those of his federal agency employer (the U.S. probation office).") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)).

## IV.  *BIVENS*

To the extent that Plaintiff is suing Judge or Officer in their individual capacities for money damages based on alleged constitutional violations, his claims arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* mirrors but is not "'the substantial

equivalent of 42 U.S.C. § 1983.'" *Ziglar v. Abbasi*,---U.S.---, 137 S.Ct. 1843, 1855, 198 L.Ed.2d 290 (2017) (citation omitted).[4]

A. **Officer**

Plaintiff alleges that Officer coerced his guilty plea and gave false testimony at his detention hearing. Recently, the Supreme Court reiterated that expanding *Bivens* cases of action is "a 'disfavored' judicial activity." *Egbert v. Boule*,---U.S.---, 142 S.Ct. 1793, 1803, 213 L.Ed.2d 54 (2022) (quoting *Ziglar*, 137 S.Ct. at 1857). "'[S]eparation-of-powers principles are…central to the analysis" of *Bivens* expansion, and the question is whether Congress or the courts should decide to authorize a damages suit." *Davis v. BOP*, No. 3:22-cv-2395-M-BK, 2023 WL 3395139, at *2 (N.D. Tex. Feb. 13, 2023), *rec. accepted* 2023 WL 3591679 (N.D. Tex. May 22, 2023) (citing *Ziglar*, 137 S.Ct. at 1857).

The Supreme Court has adopted a two-part test to determine whether a *Bivens* claim may proceed. *Egbert*, 142 S.Ct. at 1803. First, a court must ask whether the plaintiff's claim "presents 'a new *Bivens* context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.*; *see also Davis*, 2023 WL 3395139, at *2. Second, if the claim presents a new context, the court asks whether there are "special factors counseling hesitation" in expanding the *Bivens* remedy. *Ziglar*, 137 S.Ct. at 1857-60. These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S.Ct. at 1803. "If there is even a single 'reason

---

[4] *Bivens* does not extend to claims against federal agencies like the BOP, the United States, or federal actors in their official capacities. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (5th Cir. 1994) (*Bivens* does not extend to claims against federal agencies); *Vetcher v. Immigration and Customs Enf't*, Civil Action No. 1:16-CV-164-C, 2018 WL 11174809, at *3 (N.D. Tex. Nov. 29, 2018) ("A *Bivens* action does not provide for a cause of action against the United States…[and] [c]laims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are the equivalent to claims against the federal agencies who employ the employees.") (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Graham*, 473 U.S. at 165-67).

to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (citation omitted).

### i.     *New Context*

"The Supreme Court has extended *Bivens* claims to only those arising from three specific factual scenarios." *Davis*, 2023 WL 3395139, at *3. These include:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S.Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Virtually everything else is a 'new context'" *id.* (citation omitted), because a case needs only be "different in [one] meaningful way from previous *Bivens* cases" for the context to be new, *Ziglar* 137 S.Ct. at 1859.

Here, Plaintiff's coerced-guilty plea and false testimony claims arise in a new context. His allegations present new theories of liability against a new category of defendants, federal pretrial services officers. *See Ziglar*, 137 S.Ct. at 1860 (providing examples of differences showing a case presents a new context, including "the rank of the officers involved" and "the constitutional right at issue").

### ii.    *Factors Counsel Against Extending Bivens*

There are also special factors counseling against extension of *Bivens* to these allegations. The legislative branch has long been on notice that the Supreme Court is disinclined to extend *Bivens* to new contexts. Yet, it has not passed legislation that would extend a *Bivens* remedy to Plaintiff's allegations, which counsels against the Court doing so. *See Laster v. Boyle*, No. 3:21-cv-2525-D (BT), 2022 WL 4086782, at *3 (N.D. Tex. Aug. 4, 2022), *rec. accepted* 2022 WL

4084429 (N.D. Tex. Sept. 6, 2022). Indeed, the legislative branch is best positioned to determine federal employees' exposure to monetary damages, which raises separation of powers concerns. *Id.* (citing *Rote v. Committee on Judicial Conduct and Disability of Jud. Conf. of United States*, 577 F.Supp.3d 1106, 1138 (D. Or. 2021)).

Finally, Plaintiff's claims lack merit, which also weighs against extending *Bivens*. *See Davis*, 2023 WL 3395139, at *4 (citing *Manzo v. Mateware, et al.*, No. 3:19-CV-812-S-BK, 2021 WL 6284098, at *4 (N.D. Tex. Dec. 13, 2021), *rec. accepted*, 2022 WL 48395 (N.D. Tex. Jan. 5, 2022), *aff'd on other grounds*, 2022 WL 5101930 (5th Cir. Oct. 4, 2022). Success on his claim that Officer coerced him into pleading guilty would imply the invalidity of his conviction, and he has not alleged that it has been overturned, expunged, declared invalid, or otherwise called into question; this claim is therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Id.* at 486-87; *see also Brisco v. Grantham*, No. 03-CV-218-K, 2003 WL 21321217, at *2 (N.D. Tex. Mar. 27, 2003), *rec. accepted*, 2013 21517781 (N.D. Tex. Apr. 14, 2003) (finding that the plaintiff's claim challenging the voluntariness of his guilty plea, would "necessarily implicate the validity of his confession…and inevitably affect the duration of his confinement" and was therefore barred under *Heck*).

As for the claim that Officer testified falsely at a preliminary hearing, this claim lacks merit because witnesses are afforded absolute immunity from perjury allegations where the witness testifies in an adversarial proceeding. *See Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) ("Here, Bryant's testimony was adduced in the course of an adversarial proceeding. Bryant was a witness, under oath, subject to criminal liability for perjury, and available for cross-examination. Accordingly, when Bryant testified, he was testifying as a witness in an adversarial proceeding and is thus absolutely immune from § 1983 liability.").

Here, Plaintiff appears to complain about Officer's testimony at a detention hearing. (*See* crim. doc. 5.) Under the Bail Reform Act of 1984, "the defendant is entitled to be represented by counsel or have counsel appointed if financially unable to retain counsel. The defendant is also afforded the opportunity to testify, to present witnesses, to cross-examine witnesses, and to present information by proffer." 3B FED. PRAC. AND PROC. CRIM. § 766 (4th ed.) The hearing was therefore adversarial in nature, and Officer is entitled to absolute immunity for the allegedly perjured testimony during it.[5]

**B.** **Judge**

Plaintiff includes no factual allegations and the precise nature of any claim against Judge is unclear. His naked reference to legal concepts like "conspiracy" and "fraud," without supporting facts, is conclusory and fails to state a claim under federal pleading standards. *See*, *e.g.*, *Brown v. Colonial Savings F.A.*, No. 4:16-CV-884-A, 2017 WL 354246, at *2 (N.D. Tex. Jan. 23, 2017) ("Plaintiff offers no facts supporting her alleged claim against Colonial for negligent hiring, supervision, and retention of Neer. Instead, plaintiff lists the elements of negligence and recites one-sentence legal conclusions. Plaintiff's conclusory allegations are insufficient to state a claim upon which relief can be granted."); *Matthews v. High Island Indep. School Dist.*, 991 F.Supp. 840, 845 (S.D. Tex. 1998) ("Merely alleging, as Plaintiffs have here, that a defendant's acts constitute sexual harassment 'as those terms are known under well-established federal case law' is purely conclusory, and plainly insufficient to state a claim upon which relief can be granted."); *Smith v. Kliebert*, Civil Action No. 15-1775, 2015 WL 4875988, at *4 (E.D. La. Aug. 12, 2015)

---

[5] This claim is also time-barred because Plaintiff is complaining about events that happened in 2011. A *Bivens* action is controlled by the applicable state statute of limitations. *See Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982) (per curiam). The Fifth Circuit, applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years. *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Usually, a *Bivens* cause of action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of action." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (citation omitted). Plaintiff would have known about his alleged injuries in 2011 when the detention hearing occurred.

("Regarding Plaintiff's claims under federal law, the Court agrees with Defendants that Plaintiff has failed to state a claim upon which relief can be granted. The Court finds that the Complaint only includes conclusory allegations and a general listing of federal statutes that are not connected to any specific facts and do not appear to state a cognizable claim.").

**C.   Counsel**

Plaintiff includes no specific factual allegations against Counsel. (doc. 11 at 1.) Like § 1983, *Bivens* does not apply to private actors. *See*, *e.g.*, *Lampley v. Doe*, Civil Action No. 1:21cv261, 2021 WL 3396777, at *2 (E.D. Tex. June 3, 2021), *rec. accepted* 2021 WL 3367677 (E.D. Tex. Aug. 2, 2021) (citing *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72-73 (2001)). Because Counsel—whether retained or court-appointed—is a private actor, any *Bivens* claims against him should be dismissed for failure to state a claim. *See Strouse v. United States Probation*, No. 4:21-cv-1183-O-BP, 2022 WL 4086794, at *3 (N.D. Tex. Aug. 16, 2022), *rec. accepted* 2022 WL 4084432 (N.D. Tex. Sept. 6, 2022) (collecting cases for proposition that federal public defenders do not act under color of federal law for *Bivens* purposes).

To the extent that Plaintiff is attempting to sue Officer, Judge or Counsel for monetary damages under *Bivens*, he fails to state a claim.

**V.   EXPUNGEMENT**

Plaintiff asks the Court to "expunge" his "federal criminal case." (doc. 8 at 1.)

"Absent specific statutory authority, the scope of a district court's power to order expungement of executive-branch records is narrow: 'In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction.'" *Melawer v. U.S.*, 341 F. App'x 83 (5th Cir. 2009) (per curiam) (citing *Sealed*

9

*Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997); *United States v. McLeod*, 385 F.2d 734, 750 (5th Cir. 1967)) (ordering expungement where state officials were intentionally using arrest records to prevent minorities from voting).

Plaintiff has failed to (1) identify an independent statutory basis for his request or (2) allege an "affirmative rights violation" by executive actors holding his records, so jurisdiction over his request for expungement is lacking.

## VI. HABEAS CLAIMS

In addition to seeking money damages and expungement of his criminal record, Plaintiff challenges his conviction. (*See* doc. 3 at 1; doc. 7 at 1; doc. 11 at 2.) A plaintiff may not challenge the validity of a guilty plea in a civil rights claim. *See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Any habeas claims challenging his conviction should be summarily dismissed.

## VII. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff responded to a detailed questionnaire and therefore has

been able to plead his best case. His claims lack merit. Further leave to amend is neither necessary nor warranted. *See, e.g.*, *Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

### VIII. RECOMMENDATION

Plaintiff's request for expungement of his criminal record and claims for monetary damages against the United States, the BOP, and any federal individual defendant in his or her official capacity should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's remaining claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

**SIGNED on this 21st day of June, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE